URAL BREVARD v. J. D. BARKLEY

No. 7129DC674

(Filed 17 November 1971)

1. **Rules of Civil Procedure § 56— summary judgment — burden of proof**

   The burden is upon the party moving for summary judgment to establish the lack of a triable issue of fact.

2. **Rules of Civil Procedure § 56— summary judgment — reliance on pleading**

   If a defendant moving for summary judgment successfully carries his burden of proof, the plaintiff may not rely upon the bare allegations of his complaint to establish triable issues of fact but must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial.

3. **Rules of Civil Procedure § 56— summary judgment — consideration of complaint**

   Although plaintiff did not respond by affidavit or otherwise to plaintiff's motion for summary judgment and affidavit filed in support thereof, plaintiff's verified complaint should have been considered by the court in determining whether defendant had carried the burden of showing the lack of a genuine issue of material fact and whether defendant was entitled to judgment as a matter of law.

4. **Rules of Civil Procedure § 56— denial of summary judgment**

   The pleadings of both parties and affidavit filed by defendant showed that there were genuine issues of material fact and that defendant is not entitled to judgment as a matter of law on either plaintiff's claim or defendant's counterclaim.

APPEAL by plaintiff from *Gash, Chief District Judge,* 4 August 1971 Session of District Court held in HENDERSON County.

This is a civil action wherein plaintiff seeks to recover damages for personal injury allegedly resulting from an automobile collision occurring on 21 December 1969 in Henderson County. Plaintiff alleged that he was traveling in an automobile in a slow and careful manner in a southerly direction along U.S. Highway 25 in Henderson County when he met and collided with the automobile being driven by the defendant in a northerly direction at a dangerous and reckless rate of speed. Plaintiff alleged in a verified complaint that the defendant was negligent in the operation of his automobile as follows:

"1. That the defendant attempted to pass some of the vehicles traveling north just in front of him and pulled

out on to the plaintiff's side of the road, hitting the plaintiff vehicle head-on.

"2. That the defendant was traveling at a dangerous rate of speed under the conditions there existing.

"3. That the defendant did not have his vehicle under control.

"4. That the defendant was driving in utter disregard of the rights and safety of others especially the plaintiff."

The defendant filed answer denying the material allegations of negligence in plaintiff's complaint, pleaded plaintiff's contributory negligence, and filed a counterclaim seeking to recover damages for injury to person and property allegedly resulting from the collision. The defendant alleged that he was operating his 1964 Buick automobile in a northerly direction along U.S. Highway 25 in Henderson County when he met and collided with a 1954 Chevrolet pickup truck being operated by the plaintiff in a southerly direction, and that the plaintiff was negligent in the operation of the pickup truck in that the plaintiff failed to keep the truck under proper control; failed to keep a proper lookout; failed to yield the right of way; drove on his left and wrong side of the road; failed to allow at least one-half of the main traveled portion of the highway to the defendant; drove at an unreasonable and imprudent speed; failed to reduce his speed; drove the truck while he was under the influence of some intoxicating beverage; and failed to give any notice, warning or signal.

On 2 July 1971, pursuant to G.S. 1A-1, Rule 56, of the Rules of Civil Procedure, defendant filed a motion for summary judgment in favor of the defendant with respect to plaintiff's claim, and with respect to the defendant's counterclaim, on the grounds that there was no genuine issue as to any material fact, and that defendant was entitled to judgment as a matter of law. The motion was supported by an affidavit of the defendant which set out substantially the same matters as alleged in the answer and counterclaim. The plaintiff did not respond to the motion for summary judgment by opposing affidavits or as otherwise provided by Rule 56.

On 4 August 1971, after hearing, the court allowed the defendant's motion and entered judgment in pertinent part as follows:

"And the court having considered the matter and both counsel for the plaintiff and counsel for the defendant having argued the matter and the defendant having submitted to the court a sworn affidavit and the plaintiff having attempted to rely upon the allegations of his verified complaint;

"And the court being of the opinion that the plaintiff is unable, as a matter of law, to rely upon the allegations of his complaint in a motion for summary judgment and the court further being of the opinion that there is no genuine issue as to any material fact in this case and that the defendant is entitled to a summary judgment against the plaintiff with respect to the claim of the plaintiff and for a summary judgment as to liability only against the plaintiff with respect to the defendant's counterclaim;

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant have judgment against the plaintiff with respect to the claim of the plaintiff and this claim is dismissed;

"Further that the defendant have judgment against the plaintiff with respect to the issue of liability in the defendant's counterclaim. . . . "

The plaintiff appealed.

*Paul K. Barnwell; and Redden, Redden & Redden by M. M. Redden for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes & Hyde by Emerson D. Wall for defendant appellee.*

HEDRICK, Judge.

Summary judgment is appropriate in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970); *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1 (1970); *Haithcock v. Chimney Rock Co.,* 10 N.C. App. 696,

179 S.E. 2d 865 (1971); *Alltop v. Penney Co.*, 10 N.C. App. 692, 179 S.E. 2d 885 (1971), cert. den. 279 N.C. 348; *White v. Jordan*, 12 N.C. App. 175, 182 S.E. 2d 593 (1971).

In *Robinson v. McMahan*, 11 N.C. App. 275, 181 S.E. 2d 147 (1971), Judge Parker wrote:

"When a motion for summary judgment is made and supported as provided in Rule 56, 'an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him.' (Emphasis added.) Rule 56(e). In the present case the appealing defendants did not respond to plaintiff's motion 'by affidavits or as otherwise provided in this rule.' Nevertheless, the summary judgment against them was proper only 'if appropriate' under all of the circumstances of this case."

**[1, 2]** The burden is upon the moving party to establish the lack of a triable issue of fact. If defendant moving for summary judgment successfully carries his burden of proof, the plaintiff may not rely upon the bare allegations of his complaint to establish triable issues of fact, but must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. *Haithcock v. Chimney Rock Co., supra.*

**[3]** In the present case, defendant's affidavit in support of the motion for summary judgment merely reiterates the allegations in the defendant's answer and counterclaim. The plaintiff did not respond to the motion for summary judgment by affidavit or otherwise as provided by Rule 56; however, the plaintiff's verified complaint was on file and should have been considered by the court in determining whether the defendant had carried the burden of showing the lack of a genuine issue of material fact and whether the defendant was entitled to a judgment as a matter of law.

**[4]** In our opinion the pleadings and affidavit show clearly that there are genuine issues of material fact and that the defendant is not entitled to judgment as a matter of law on either plaintiff's claim or defendant's counterclaim.

The judgment appealed from is reversed.

Reversed.

Chief Judge MALLARD and Judge GRAHAM concur.