CITIES SERVICE OIL COMPANY v. HOWELL OIL COMPANY, INC., HUBERT M. HOWELL, HERBERT H. HOWELL AND MORRIS JESTER

No. 768SC1004

(Filed 19 October 1977)

Guaranty § 2— continuing guaranty—statute of limitations no bar—no novation— summary judgment proper

Where plaintiff sought to hold the corporate defendant liable as principal on a promissory note executed in 1971, one defendant liable as endorser and a guarantor under a separate agreement executed in 1966, and two other defendants liable as guarantors under the 1966 agreement, the trial court properly granted plaintiff's motion for summary judgment against the two defendants as

guarantors, since: (1) the statute of limitations had not run on plaintiff's cause of action, the 1966 guaranty agreement to plaintiff being, by its own terms, a continuing guaranty which could only be revoked in writing and an absolute guaranty of "payment when due of any and all present or future indebtedness owed by the corporate defendant," and (2) the 1971 promissory note which replaced the open account dealings between plaintiff and the corporate defendant was not a novation which released the two individual defendants from liability on the 1966 guaranty agreement.

APPEAL by defendants Herbert H. Howell and Morris Jester from *Cowper, Judge.* Judgments entered 20 September 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 31 August 1977.

In this action plaintiff filed a single complaint against the four defendants seeking to recover $35,722.08 plus interest, the balance allegedly due on a note payable to it and executed on 14 July 1971 by the corporate defendant and endorsed personally by defendant Hubert M. Howell. Plaintiff sought to hold the corporate defendant liable as principal, defendant Hubert M. Howell liable as endorser and a guarantor under a separate agreement dated 9 May 1966, and defendants Hubert H. Howell and Jester liable as guarantors under the 1966 agreement.

The corporate defendant and defendant Hubert M. Howell filed a joint answer. Defendants Herbert H. Howell and Jester filed a separate answer in which they admitted signing the guaranty agreement, but denied liability under it on the grounds that the three-year statute of limitations had run on the agreement and that the execution of the promissory note in 1971 constituted a novation of the agreement. The corporate defendant and defendant Hubert M. Howell admitted their liability on the note and requested that a referee be appointed to determine the balance due on the note.

Plaintiff filed a motion for summary judgment against defendants Herbert H. Howell and Jester. Judge Cowper granted the motion, holding defendants Herbert H. Howell and Jester jointly and severally liable on the 1971 promissory note on the grounds that they were guarantors under the 1966 guaranty agreement. They appealed.

*Cecil P. Merritt for plaintiff appellee.*

*Smith, Everett and Womble, by James M. Smith, for defendant appellants.*

BRITT, Judge.

Appellants contend the trial court erred in allowing plaintiff's motion for summary judgment because there were genuine questions of material fact as to whether the statute of limitations had run on the 1966 guaranty agreement and as to whether the 1971 promissory note was a new contract constituting a novation releasing them from liability under the 1966 guaranty agreement. We find no merit in the contention.

We hold that this was an appropriate case for summary judgment, that the statute of limitations had not run on plaintiff's cause of action, and that the requirements for a novation were not met when the promissory note was executed in 1971.

Summary judgment is appropriate under G.S. 1A-1, Rule 56(c) ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *See Zimmerman v. Hogg and Allen, Professional Association*, 286 N.C. 24, 209 S.E. 2d 795 (1974); *Kessing v. National Mortgage Corporation*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Rule 56(e) further provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *See Brevard v. Barkley*, 12 N.C. App. 665, 184 S.E. 2d 370 (1971); *Coakley v. Ford Motor Co.*, 11 N.C. App. 636, 182 S.E. 2d 260, *cert. denied*, 279 N.C. 393, 183 S.E. 2d 244 (1971); *Haithcock v. Chimney Rock Co.*, 10 N.C. App. 696, 179 S.E. 2d 865 (1971); *Patterson v. Reid*, 10 N.C. App. 22, 178 S.E. 2d 1 (1970). A verified pleading which meets all the requirements under G.S. 1A-1, Rule 56(e), may also be used to show there is a genuine issue for trial. *Schoolfield v. Collins*, 281 N.C. 604, 189 S.E. 2d 208 (1972).

Applying these general principles to the present case, plaintiff's verified complaint, interrogatories and depositions, together with appellants' admissions, reveal that there was no genuine issue of material fact. Appellants admitted the execution of the 1966 guaranty agreement and the existence of the 1971 promissory note from the corporate defendant to plaintiff. They did not file a verified response or any affidavits in opposition to plaintiff's motion for sum-

mary judgment. The only two points of contention are matters of law: (1) whether the statute of limitations has run on plaintiff's cause of action, and (2) whether the execution of the 1971 promissory note was a novation releasing appellants from liability under the guaranty agreement. The trial court correctly concluded that the statute of limitations did not run against the plaintiff and that the execution of the 1971 promissory note was not a novation.

The 1966 guaranty agreement to plaintiff was, by its own terms, a continuing guaranty which could only be revoked in writing. It stated that Morris Jester, Herbert Howell and Hubert Howell

" . . . jointly, severally and unconditionally guarantee(s) payment when due of any and all present or future indebtedness owed by Howell Oil Company, Inc. . . . (hereinafter referred to as the Debtor) . . . and hereby waive(s): notice of acceptance of this guaranty by you . . . ; notice of any and all defaults in payment, and any and all other notice to which the undersigned might otherwise be entitled in connection with this guaranty, the indebtedness and obligations guaranteed hereby and any other security therefor; diligence, suit or any other act by you . . . which might otherwise be a condition precedent to enforcing this guaranty; and any defenses because of debtor's legal disability or incapacity.

. . . .

"This is a continuing guaranty applying to all present and future indebtedness and obligations now or hereafter owing by the above named Debtor you and/or your successors and assigns, arising out of any and all transactions had with you and/or your successors and assigns, or guaranties delivered to you, by the Debtor or based upon any indebtedness or obligation assigned or transferred to you, shall extend to and cover all renewals of any claims, demand or performances guaranteed under this instrument or extensions of time in respect thereto, shall not be affected by any surrender or release by you . . . or of any other party liable or of any security held by you . . . for any obligations hereby guaranteed nor by any other act or omission by you . . . ; and shall continue in force until five days after notice of the undersigned's withdrawal of this guaranty is received by you at your above address which notice shall be effective only as to your subsequent dealings with Debtor.

"The undersigned further agree(s) that you and/or your successors and assigns may enter into any agreement whatsoever with the said Debtor concerning payments, defaults, extensions of time, renewals, securities, and allowances of any and all obligations hereby guaranteed, without in any way impairing or changing the liability of the undersigned hereunder."

Under North Carolina law, "[t]he rights of the plaintiff as against the guarantors, defendants herein, arise out of the guaranty contract and must be based on that contract." *EAC Credit Corporation v. Wilson*, 281 N.C. 140, 145, 187 S.E. 2d 752, 755 (1972). By the express provisions of the 1966 guaranty agreement and according to the definition of a continuing guaranty in *Hickory Novelty Company v. Andrews*, 188 N.C. 59, 123 S.E. 314 (1924), the 1966 agreement was a continuing guaranty. The agreement itself states "this is a continuing guarantee applying to all present and future indebtedness and obligations." In *Hickory Novelty Company v. Andrews*, 188 N.C. at 65, 123 S.E. at 317, the court defined a continuing guaranty as follows:

"If the object of the guaranty is to enable the principal to have credit over an extended time, and to cover successive transactions, it is a continuing one; but if the intention of the guarantor, as indicated by language used, is that but one transaction is to be covered by the guaranty, it is a limited one." Childs on Suretyship and Guaranty § 23, p. 20.

Appellant guarantors were liable under a continuing guaranty which could only be revoked in writing and the time for bringing the action was not limited by the three-year statute of limitations.

In addition, the 1966 agreement was an absolute guaranty of "payment when due of any and all present or future indebtedness owed by Howell Oil Company, Inc." A similar situation appeared in *Aracady Farms Milling Company v. Wallace*, 242 N.C. 686, 89 S.E. 2d 413, 53 A.L.R. 2d 517 (1955). In *Aracady*, the court defined the time of the accural of a cause of action under a continuing guaranty of absolute payment as follows: (p. 689, p. 415)

The guaranty in this case is a continuing guaranty, *Novelty Co. v. Andrews*, 188 N.C. 59, 123 S.E. 314; 24 Am. Jur., Guaranty, Sec. 18, but is also an absolute guaranty of "the due and punctual payment when due of such sum or sums of money as at any time and from time to time shall be owed you (plaintiff) by said co-partners for merchandise so supplied by you." The right to sue upon this absolute guaranty of payment arises

immediately upon the failure of the principal debtors, the male defendants, to pay their trade acceptances at maturity. *Trust Co. v. Clifton, supra; Chemical Co. v. Griffin, supra; Jones v. Ashford,* 79 N.C. 172.

Applying these rules to the present case, the plaintiff's cause of action arose against the defendant guarantors when the principal, the corporate defendant, refused to make further payments on the 1971 promissory note. The record indicates that the payments were made through February 1973. Plaintiff's complaint against the defendant guarantors was filed 10 July 1974. This was well within the three-year period envisioned by G.S. 1-52, consequently, plaintiff's action was not barred by the statute of limitations.

Appellants' argument that the 1971 promissory note which replaced the open account dealings between plaintiff and the corporate defendant was a novation which released them from liability on the 1966 guaranty agreement is not persuasive.

In *Tomberlin v. Long,* 250 N.C. 640, 644, 109 S.E. 2d 365, 367-368 (1959), the court defined novation as follows:

"Novation may be defined as a substitution of a new contract or obligation for an old one which is thereby extinguished * * * The essential requisites of a novation are a previous valid obligation, the agreement of all the parties to the new contract, the extinguishment of the old contract, and the validity of the new contract * * * ." 66 C.J.S. Novation Secs. 1 and 3.

The court further pointed out that " '[w]here the question of whether a second contract dealing with the same subject matter rescinds or abrogates a prior contract between the parties depends solely upon the legal effect of the latter instrument, the question is one of law for the courts' .... "

In the present situation, appellants failed to show all the essential elements of a novation. The only question is the legal effect of the 1971 promissory note. Appellants did not sign the promissory note as parties and could not be held liable as parties under the note. In addition, the promissory note did not extinguish their liability under the 1966 guaranty agreement, either expressly or impliedly. Its only legal effect was to consolidate the amounts owed to plaintiff by the principal, the corporate defendant.

The 1971 promissory note did not in any way release the defendant guarantors even though it might have been considered a modification of their liability on the principal's open account. The

1966 guaranty contract specifically provides that plaintiff "may enter into any agreement with the said Debtor concerning payments, defaults, extensions of time, renewals, securities, and allowances of any and all obligations hereby guaranteed . . . " without changing the defendant guarantors' liability under the guaranty agreement. In *Vannoy v. Stafford*, 209 N.C. 748, 184 S.E. 482 (1936), the court held that an extension of time to an endorser on a note would not discharge him when he had expressly waived the extension of time defense.

The 1966 continuing guaranty agreement was in effect when the 1971 promissory note was executed because the agreement had not been revoked in writing as required by its own terms. Defendant guarantors were liable after February 1973, when the principal failed to pay the amounts due under the promissory note. The 1971 note was not a novation releasing the defendant guarantors, and the action against the guarantors on the basis of the guaranty agreement for the principal's default on the promissory note was commenced in July of 1973, well within the three-year statute of limitation time period. G.S. 1-52.

For the reasons stated above, the trial court's grant of plaintiff's motion for summary judgment was proper.

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.