NORTH CAROLINA NATIONAL BANK v. CLAUDE ADOLPHUS HOLSHOUSER

No. 7726DC1023

(Filed 3 October 1978)

**Uniform Commercial Code § 38 — purchase money security agreement — Article 9 governing — 10 year statute of limitations**

The plain language of Article 2 of the N. C. Uniform Commercial Code and subsequent legislative history indicate that the N. C. Legislature intended Article 9 to govern the security aspects of purchase money security agreements and that, accordingly, the ten-year limitation of G.S. 1-47(2), rather than the four-year limitation of G.S. 25-2-725, is applicable to such agreements executed under seal.

Judge HEDRICK dissents.

APPEAL by plaintiff from *Johnson, Judge*. Judgment entered 20 July 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 20 September 1978.

Plaintiff instituted this civil action on 1 November 1974 to recover a deficiency remaining after repossession and sale of collateral security. Defendant had purchased a motor vehicle on

credit, executing a purchase money security agreement dated 25 June 1970 giving the seller of the vehicle a purchase money security interest in the vehicle, to the extent of the $1,392.12 purchase price financed under the agreement, and retaining title in the seller or its assignees until the purchase price was fully paid. The purchase money security agreement was executed, sealed, and assigned by the seller to the plaintiff bank on the same date.

Defendant immediately defaulted on the security agreement, never making any payments thereunder. Plaintiff, as assignee of the security agreement, repossessed the automobile in compliance with the procedures set out in part 6 of Article 9 of the North Carolina Uniform Commercial Code. The vehicle was sold by public sale 28 September 1970. A deficiency remained after application of the sales proceeds to the amount owed by the defendant as required by G.S. § 25-9-504(1).

Defendant, in his answer, pled the four-year statute of limitations (G.S. § 25-2-725) in bar of plaintiff's claim. The trial court granted judgment on the pleadings in favor of the defendant, and plaintiff appeals.

*Clontz and Morton, by James H. Morton, for the plaintiff.*

*James, McElroy & Diehl, by James H. Abrams, Jr., for the defendant.*

MARTIN (Robert M.), Judge.

The only question before us in this appeal is whether plaintiff's cause of action is barred by any statute of limitations. Plaintiff contends that, as the security instrument was executed under seal, G.S. 1-47(2) is the applicable statute and therefore this action would not be barred until after 28 September 1980. Defendant, however, insists that the four-year statute of limitations found in G.S. 25-2-725 is the applicable statute and that, as plaintiff's action was begun more than four years after the cause of action accrued, the action is barred. There is no dispute that if defendant's contentions are correct, plaintiff's action would be barred.

The relevant statutes are set out below in pertinent part, for convenience of reference and discussion:

North Carolina General Statutes, Chapter 25.

ARTICLE 2.

SALES

PART 1.

§ 25-2-102. Scope; certain security and other transactions ex-
cluded from this article.—Unless the context otherwise re-
quires, this article applies to transactions in goods; it does
not apply to any transaction which although in the form of an
unconditional contract to sell or present sale is intended to
operate only as a security transaction nor does this article
impair or repeal any statute regulating sales to consumers,
farmers or other specified classes of buyers. (1965, c. 700, s.
1.)

OFFICIAL COMMENT

Prior uniform statutory provision: Section 75, Uniform Sales
Act.

Changes: Section 75 has been rephrased.

Purposes of changes and new matter: To make it clear that:

> The Article leaves substantially unaffected the law
> relating to purchase money security such as conditional
> sale or chattel mortgage though it regulates the general
> sales aspects of such transactions. "Security transaction"
> is used in the same sense as in the Article on Secured
> Transactions (Article 9).

*    *    *

NORTH CAROLINA COMMENT

This section sets out the scope of the Code, limiting it to
transactions in goods (as defined in G.S. 25-2-105) and in-
dicates that the article on sales does not apply to transac-
tions intended as security even though in the form of an
unconditional contract of sale or to sell. The section also
makes clear that the sales article does not impair or repeal
any statute regulating sales to consumers, farmers or other
specified classes of buyers.

§ 25-2-106. Definitions: . . . "sale"; "present sale"; . . . A "sale" consists in the passing of title from the seller to the buyer for a price (§ 25-2-401). A "present sale" means a sale which is accomplished by the making of the contract. (1965, c. 700, s. 1.)

§ 25-2-203. Seals inoperative. — The affixing of a seal to a writing evidencing a contract for sale or an offer to buy or sell goods does not constitute the writing of a sealed instrument and the law with respect to sealed instruments does not apply to such a contract or offer. (1965, c. 700, s. 1.)

§ 25-2-401. Passing of title; reservation for security; limited application of this section.

*     *     *

(1) . . . Any retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest. Subject to these provisions and to the provisions of the article on secured transactions (article 9), title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties.

§ 25-2-725. Statute of limitations in contracts for sale. — (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.

*     *     *

§ 1-47. Ten Years. — Within ten years an action —

*     *     *

(2) Upon a sealed instrument against the principal thereto. Provided, however, that if action on a sealed instrument is filed, the defendant or defendants in such action may file a counterclaim arising out of the same transaction or transactions as are the subject of plaintiff's claim, although a shorter statute of limitations would otherwise apply to defendant's counterclaim. Such counterclaim may be filed against such parties as provided in G.S. 1A-1, Rules of Civil Procedure.

We find that the ten-year limitation of G.S. 1-47(2) is the applicable one to this case, and that plaintiff's action is not barred by G.S. 25-2-725. We base our holding upon two grounds.

First, the language of the applicable statutes clearly indicates that the type of transaction in question is *not* covered by Article 2 of the North Carolina Uniform Commercial Code. G.S. § 25-2-102 and the Official Comments thereunder plainly exempt any contract which on its face is in the form of a contract to sell or present sale, *if* such contract is intended to operate only as a security transaction. Although the writing in question purported to retain title in the seller of the vehicle, the definition of "sale," found in G.S. § 25-2-106 and read in the light of G.S. § 25-2-401(1), indicates that a sale of the automobile had taken place. Therefore, the sales article (Article 2) of the North Carolina Uniform Commercial Code would apply to the *sales* aspects of the transaction, as indicated by the Official Comment under G.S. § 25-2-102. We note, however, that G.S. § 25-2-401(1) makes the provisions of Article 9 of the Code controlling on the question of title passing where a security interest is retained by the seller. This deference to Article 9 where a security interest is involved is consistent with the language and Comments of G.S. § 25-2-102 and provides us with guidance for approaching other situations where real or apparent conflicts between Articles 2 and 9 may exist. The four-year limitation of actions found in G.S. § 25-2-725(1) applies on its face only to actions for breach of any contract for sale. Since the purchase money security agreement signed and sealed by the defendant is a creature of Article 9 (G.S. § 25-9-107(a)) and is outside the provisions of Article 2 (although encompassing a sale of a motor vehicle), we hold that the provisions of G.S. § 25-2-725 are inapplicable to this transaction beyond its pure sales aspects, and that Article 9 is paramount in reference to the security aspects of the transaction. G.S. § 25-2-203, which makes seals of no effect on contracts for sale, is similarly limited in its effects to the pure sales aspects of the transaction, and is not relevant to purchase money security agreements as defined by G.S. § 25-9-107(a) and regulated by Article 9 generally. Article 9 contains no statute of limitations applicable to this action, so we look to prior law and determine that G.S. 1-47(2) is applicable.

Secondly, we find that in North Carolina, the ten-year limitation of actions has been applicable to purchase money security

agreements, and that this has been affirmatively acknowledged by the Legislature. G.S. 1-47(2), providing a ten-year limitation for actions accruing upon sealed instruments was amended in 1969 to allow persons sued under such sealed instruments to assert any claims or defenses they might have by joinder of third parties as allowable under the Rules of Civil Procedure (G.S. 1A-1), even though those claims might otherwise be barred by other limiting statutes. This amendment ameliorated the potential for harsh results in the situation where a financial institution could wait to sue for deficiency after repossession and sale of collateral security until *after* the buyer's rights of action against sellers for any breach of warranty were barred. The potential for abuse of the ten-year limitation was apparent in the situation where sellers and lenders were closely or inseparably related; the Legislature chose to remedy this problem, not by reducing the length of time in which a lender or his assignee could sue on a sealed purchase money security agreement, but by increasing the period of time in which a buyer so sued could assert claims against his seller for breach, so that the time available to parties for either type of action is equal and concurrent when the holder of the security interest sues first. Professor Navin discusses this statute (G.S. 1-47(2)) in his article "Waiver of Defense Clauses in Consumer Contracts," 48 N.C.L. Rev. 505, 548 *et seq.* (1970), and his article is substantially in agreement with our interpretation of this statute; it is certainly assumed by him that the ten-year statute of limitations was applicable to security transactions under seal. *C.f., Enterprises, Inc. v. Neal*, 29 N.C. App. 78, 223 S.E. 2d 831 (1976).

Defendant cites authority which he argues is overwhelmingly in his favor. This authority consists of a New Jersey case, *Associates Discount Corp. v. Palmer*, 47 N.J. 183, 219 A. 2d 858 (1966), and two other cases relying upon the *Associates* case (to which we do not address ourselves for reasons to become apparent). We are not persuaded by the reasoning of the majority in the *Associates* case; the logic of the concurring opinion is more compelling, reaching the same (and we think, correct) result on other grounds. We do note, however, that the New Jersey Court took cognizance of the intent of the Pennsylvania Legislature (Pennsylvania law being controlling in that case) as expressed in the Pennsylvania Bar Association's official comments to Pa. Stat. Ann. Tit. 12A, § 2-102:

> Since transactions intended to operate "only" as security transactions are excluded, actual sales are subject to this Article of the Code [Article 2—Sales], although a security interest is retained. *Ibid* at 186, 219 A. 2d 861.

Thus, it is apparent that the New Jersey Court reached its decision largely on the basis of what the Pennsylvania Legislature expressed as its intent in enacting the statute in question. The comments under the analogous section of the Code in North Carolina (G.S. § 25-2-102) express an intent precisely contrary to that of the Pennsylvania Legislature, and we accordingly do not adopt the holding of the *Associates* case, however correct it may be within the context of those statutes before the New Jersey court.

In summary, we find that the plain language of Article 2 of the North Carolina Uniform Commercial Code and subsequent legislative history indicate that the North Carolina Legislature intended Article 9 to govern the security aspects of purchase money security agreements, and that accordingly, the ten-year limitation of G.S. § 1-47(2) is applicable to such agreements executed under seal. No relevant or persuasive authority is before us to argue the contrary, and we accordingly reverse the order of the trial judge granting defendant judgment on the pleadings and remand the action for proceedings not inconsistent with this opinion.

Reversed and remanded.

Chief Judge BROCK concurs.

Judge HEDRICK dissents.