ROGER G. HUDSON v. GAME WORLD, INC., LEISURE LIFE, INC., AND RICHARD TARKINGTON, JR.

No. COA96-605

(Filed 6 May 1997)

**1. Accounts and Accounts Stated § 14 (NCI4th)—balance on credit account—summary judgment—joint liability**

In an action to recover an unpaid balance on a credit account, the trial court erred in granting summary judgment for plaintiff on the issue of another corporation's joint liability for the corporate buyer's debt to plaintiff where there was a genuine issue of material fact as to whether the two corporate defendants conducted business with plaintiff seller through a joint account.

**Am Jur 2d, Accounts and Accounting §§ 17, 19.**

**2. Sales § 122 (NCI4th)— running account—payment— acknowledgment of entire debt—statute of limitations**

The four-year statute of limitations of N.C.G.S. § 25-2-725 applied in an action on an open running account for pool supplies sold by plaintiff to defendant buyer, and a payment on the account acknowledging the entire indebtedness begins the statute running anew as to the entire amount. The trial court erred by entering summary judgment for plaintiff on the statute of

limitations issue where plaintiff failed to provide evidence of when defendant buyer made a final payment on the account and whether that payment acknowledged the entire indebtedness.

**Am Jur 2d, Sales, §§ 928, 929.**

3. **Limitations, Repose, and Laches § 85 (NCI4th)— guaranty—accrual of claim—statute of limitations—summary judgment improper**

Plaintiff's cause of action arose against the guarantor under an absolute continuing guaranty of payment for pool supplies purchased from plaintiff when the principal debtor stopped making payments on the account. The trial court erred in entering summary judgment in favor of plaintiff on the statute of limitations issue where plaintiff failed to provide evidence as to when the principal debtor made the final payment on the account.

**Am Jur 2d, Guaranty § 121.**

Appeal by defendant from judgment entered 21 February 1996 by Judge Howard R. Greeson, Jr. in Stanly County Superior Court. Heard in the Court of Appeals 18 February 1996.

This appeal arises in an action to recover the unpaid balance of a credit account for the sale of goods.

Plaintiff Roger G. Hudson owns and operates Hudson Pool Distributors (Hudson Pools) which specializes in the sale of pool supplies and equipment. The defendant Richard Tarkington, Jr. is the incorporator and president of defendant Game World, Inc., a retail vendor of billiard tables, dart boards and other game equipment. In March 1991, defendant Tarkington incorporated defendant Leisure-Life, Inc., which sells and installs pools under the trade name Aqua-Life Pools & Spas (Aqua-Life).

After forming Aqua-Life, defendant Tarkington approached Roger Hudson about establishing a credit purchasing arrangement between Hudson Pools and Aqua-Life. Hudson agreed to extend credit to Aqua-Life if Tarkington would execute a personal guaranty. On 12 April 1991, Tarkington individually guaranteed Aqua-Life's credit purchases from Hudson Pools. Between April 1991 and November 1991, Aqua-Life purchased approximately $60,000 in pool supplies and equipment from Hudson Pools on the credit account. Aqua-Life submitted a purchase order to Hudson Pools for each purchase and Hudson Pools issued a corresponding invoice. Throughout 1991, Aqua-Life made

HUDSON v. GAME WORLD, INC.

[126 N.C. App. 139 (1997)]

intermittent payments on the credit account totaling approximately $48,000.00.

In November 1991, defendant Tarkington decided to "close the company down" and began the process of liquidating Aqua-Life. At the time of Aqua-Life's final purchase on the Hudson Pools account in November 1991, the account carried an unpaid balance of $32,991.71. Between November 1991 and November 1992, Aqua-Life made three payments totaling $7,000.00 on the Hudson Pools account. Defendant Tarkington made three payments to Hudson Pools totaling $11,500,00 on 11 and 15 November and 2 December 1991. Defendant Tarkington's three payments on the Aqua-Life account were by check on the corporate checking account of defendant Tarkington's other corporation, defendant Game World, Inc.

In June 1992, six months after Aqua-Life's last payment on the past due account, Hudson Pools requested that defendant Tarkington execute a promissory note for the remaining balance due on the Aqua-Life account. On 8 June 1992, Hudson Pools sent a promissory note and personal guaranty to defendant Tarkington which set forth a financing arrangement for $16,590.38, the unpaid balance of principal and interest on the Aqua-Life account. On 18 November 1992, Hudson Pools entered one final credit on the Aqua-Life account, the nature of which is not clear from the record before us.

On 21 February 1995, the plaintiff instituted a civil action against Tarkington individually, Game World, Inc., Leisure-Life, Inc. and Aqua-Life to recover the remaining balance of $12,473.18 then due on the Aqua-Life account. Plaintiff alleged in his complaint that defendants Tarkington, Game World and Leisure-Life were jointly and severally liable on the debt by virtue of their corporate relationship and the personal guaranty signed by Tarkington on 12 April 1991. On 20 November 1995, the plaintiff moved for summary judgment. On 29 January 1996, the defendants also moved for summary judgment asserting that the plaintiff's claim was time barred under the applicable statute of limitations. On 21 February 1996, Judge Howard R. Greeson, Jr. granted plaintiff's motion for summary judgment. Defendants appeal.

*Steven F. Blalock for plaintiff-appellee.*

*Hartzell & Whiteman, L.L.P., by John R. Rittelmeyer, for defendant-appellants.*

EAGLES, Judge.

At the outset, we note that the plaintiff made a Motion to Amend the Record on Appeal on 26 August 1996 to include plaintiff-appellee's affidavit and additional documents offered in support of his motion for summary judgment. Plaintiff contended that these documents were "inadvertently omitted" from the settled record on appeal. The motion was denied on 30 August 1996. Plaintiff then made a Motion to Reconsider on 19 September 1996 which was denied on 24 September 1996. Rule 9 of the Rules of Appellate Procedure limits our review to the record on appeal. Matters discussed in the brief but outside the record will not be considered. *See, State v. Hedrick,* 289 N.C. 232, 221 S.E.2d 350 (1976).

[1] In the first assignment of error, Defendant Game World, Inc. contends that the trial court erred in granting summary judgment against Game World because "numerous issues of material fact existed concerning Game World's liability for the debts of another corporation." Summary judgment is proper when the pleadings, together with the depositions, interrogatories, admissions on file, and supporting affidavits show that there is no genuine issue as to any material fact and the party is entitled to judgment as a matter of law. N.C.G.S. 1A-1, Rule 56 (1983); *Amoco Oil Co. v. Griffin,* 78 N.C. App. 716, 718, 338 S.E.2d 601, 602 (1986).

The defendant Game World contends that the trial court erred in granting summary judgment for the plaintiff on the issue of Game World's liability for the debts of Aqua-Life. The plaintiff argues that Game World is liable for debts of Aqua-Life because Game World and Leisure-Life, the parent corporation of Aqua-Life, held the account at Hudson Pools in their joint names. The record contains copies of numerous invoices on the Aqua-Life account. All of the invoices are directed to Aqua-Life Pools, account number A023. None of the invoices contain any notation of Aqua-Life's relationship with Game World. The account itself was titled to Aqua-Life only without any reference to Game World. The record reveals that Game World made three payments on the Aqua-Life account; one on 7 November 1991, another on 15 November 1991, and a third payment on 26 November 1991. These three payments were made by checks drawn on the Game World checking account. These are the only payments made by Game World on the Aqua-Life account and this is the only evidence in the record to support the plaintiff's contention that Aqua-Life and Game World conducted business with Hudson Pools through a joint

account. Based on the evidence in the record, we conclude that the trial court erred in granting summary judgment for the plaintiff on this issue and that there is a genuine issue of material fact as to whether Game World and Aqua-Life operated the Hudson Pools account as a joint account and whether Game World is jointly liable for the unpaid balance of the account.

[2] Defendants Game World, Leisure-Life, and Tarkington next contend that the plaintiff's action for recovery of the debt is barred by the applicable statute of limitations. The defendants argue that the three year statute of limitations found in N.C.G.S. 1-52(1) is the applicable statute and that, because plaintiff's action was commenced more than three years after the cause of action accrued, the action is barred. Plaintiff contends that, because the transaction between the parties related solely to the sale of goods, N.C.G.S. 25-2-725 is the applicable statute of limitations and this action would not be time barred until four years after the final payment on the account.

The relevant statutes are set out below in pertinent part:

N.C.G.S. 25-2-725:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach . . . .

N.C.G.S. 1-52:

Within three years an action—

(1) Upon a contract, obligation, or liability arising out of a contract, express or implied, except those mentioned in the preceding sections or in G.S. 1-53(1).

N.C.G.S. 25-2-725 (1995); N.C.G.S. 1-52 (1996).

"The four-year limitation of actions found in G.S. 25-2-725(1) applies on its face only to actions for breach of any contract for sale." *Bank v. Holshouser*, 38 N.C. App. 165, 169, 247 S.E.2d 645, 647 (1978). The provisions of G.S. 25-2-725 are inapplicable to anything other than the "pure sales aspects of the transaction." *Id.* "When a third person guarantees the performance of a sales contract, that obligation is a separate undertaking" and not subject to the four year statute of

limitations. Anderson, Robert. A., Anderson on the Uniform Commercial Code, 2-725:61 (3d ed. 1994). When the sale of goods is accompanied by a security agreement, "Article 9 is paramount in reference to the security aspects of the transaction." *Id.* If Article 9 does not contain a provision applicable to the action, the court should look to the prior law to determine what statute of limitations applies to the action. *Id.*

The credit purchasing arrangement between Hudson Pools and Aqua-Life consisted of two independent parts. First, the credit account for the pool supplies constitutes the "pure sales aspect of the transaction." *Bank v. Holshouser*, 38 N.C. App. 165, 169, 247 S.E.2d 645, 647 (1978). An action based on this portion of the arrangement is subject to the four year statute of limitations in N.C.G.S. 25-2-725. The plaintiff sued the corporate entities, Game World, Inc., and Leisure-Life, on the credit account. The plaintiff's action against Game World and Leisure-Life is subject to the four year statute of limitations under N.C.G.S. 25-2-725.

To ascertain whether the plaintiff's action on the credit account is time barred under G.S. 25-2-725, we must first determine what commenced the running of the statute of limitations. "[A] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." N.C.G.S. 25-2-725(2) (1995). Because the Code does not offer any further definition of when a "breach" occurs, we look to the general law of contracts to determine what constitutes a breach. Anderson, Robert A., Anderson on the Uniform Commercial Code, 2-725:102 (3d ed. 1994).

An open account results where the parties intend that the individual transactions are to be considered as a connected series rather than as independent of each other, a balance is kept by adjustments of debits and credits, and further dealings between the parties are contemplated. *Electric Service, Inc. v. Sherrod*, 293 N.C. 498, 503, 238 S.E.2d 607, 611 (1977). "Such an account is running or current where it continues with no time limitations fixed by express or implied agreement." *Id.* When the plaintiff sues on a running or current account, a partial payment on the account acknowledging the entire indebtedness begins the statute running anew as to the entire amount. *Id.*, 293 N.C at 510, 238 S.E.2d at 615.

The record reveals that Hudson Pools and Aqua-Life established an open and running account for the purchase of pool supplies and equipment. Richard Tarkington sought out the plaintiff to establish a

"relationship" with Hudson Pools as the equipment supplier for Aqua-Life. The account was characterized by a series of orders and purchases. Each purchase order Hudson filled was reflected as a debit on the account and each payment made by or on behalf of Aqua-Life was reflected as a credit. Debits and credits were added and subtracted from a running balance. Some items were paid for at the time of the purchase, while many were carried on Hudson Pool's account ledger for several months. Aqua-Life purchased over $42,000 worth of equipment and supplies in four months before making any payments toward the running balance. Hudson Pools continued to extend credit to Aqua-Life when the account carried a balance in excess of $30,000.

This evidence supports the conclusion that the account between Hudson Pools and Aqua-Life was an open running account. Therefore, the statute of limitations for an action to collect the unpaid balance on the account was tolled by the last payment acknowledging the entire debt. The action is time barred if it was not instituted within four years after an acknowledging payment. The record before us is insufficient to determine when this final payment occurred. "While the plea of the statute of limitations is a positive defense and must be pleaded, even so, when it has been properly pleaded, the burden of proof is then upon the party against whom the statute is pleaded to show that his claim is not barred, and is not upon the party pleading the statute to show that it is barred." *Solon Lodge v. Ionic Lodge*, 247 N.C. 310, 316, 101 S.E.2d 8, 13 (1957). The plaintiff here had the burden of proving that the statute had not run against his claim. By failing to provide evidence of when Aqua-Life made a final payment on the Hudson Pools account and whether that payment acknowledged the entire indebtedness, the plaintiff has failed in his forecast of evidence to meet this burden. Accordingly, the trial court's granting of summary judgment in favor of the plaintiff on this issue must be reversed.

[3] The second part of the financing arrangement between Aqua-Life and Hudson Pools is a personal guaranty executed by defendant Richard Tarkington on 12 April 1991. Defendant Richard Tarkington is the only defendant subject to suit on the guaranty.

Under North Carolina law, a guaranty of payment is an absolute promise to pay the debt of another if the debt is not paid by the principal debtor. *Amoco Oil Co. v. Griffin*, 78 N.C. App. 716, 718, 338 S.E.2d 601, 602 (1986). The rights of the plaintiff against the guarantor arise out of the guaranty contract and must be based on the con-

tract. *Oil Co. v. Oil Co.*, 34 N.C. App. 295, 299, 237 S.E.2d 921, 924 (1977). The guaranty here provides, in pertinent part:

> For value received and in consideration of your extending credit for goods and merchandise to Aqua-Life, we, the undersigned (Richard Tarkington) hereby absolutely and unconditionally guarantee prompt payment when due and at all times thereafter of any and all existing and future indebtedness and liability of every kind, nature and character of said corporation to you . . . .
>
> This is a continuing guarantee and shall cover all future indebtedness of said corporation to you, including indebtedness arising under successive transactions, that either continue the indebtedness or, from time to time, renew it after it has been satisfied . . . .
>
> Until you (Richard Tarkington) receive at your above address, written notice from us of our intention to revoke, this guarantee shall remain in full force . . . .

"A continuing guaranty is defined to be a guaranty the object of which is to enable the principal debtor to have credit over an extended time and to cover successive transactions." *Amoco Oil Co. v. Griffin*, 78 N.C. App. 716, 720, 338 S.E.2d 601, 603 (1986); *see also, Hickory Novelty Co. v. Andrews*, 188 N.C. 59, 123 S.E. 314 (1924). As quoted above, the guaranty here expressly states that it is a continuing guaranty. "The clear language of the guaranty rules." *Amoco Oil Co. v. Griffin*, 78 N.C. App. 716, 720, 338 S.E.2d 601, 603 (1986). When the guarantor is liable under a continuing guaranty which can only be revoked in writing, the time for bringing the action is not limited by the three year statute of limitations. *Oil Co. v. Oil Co.*, 34 N.C. App. 295, 299, 237 S.E.2d 921, 924 (1977). "A guarantor's liability arises at the time of the default of the principal debtor on the obligations which the guaranty covers." *Amoco Oil Co. v. Griffin*, 78 N.C. App. at 721, 338 S.E.2d at 604.

In addition, the agreement between Tarkington and Hudson Pools was an absolute guaranty of "all future indebtedness . . . including indebtedness arising under successive transactions . . . ." In *Milling Co. v. Wallace*, 242 N.C. 686, 89 S.E.2d 413(1955), the Court held that the right to sue upon an absolute continuing guaranty "arises immediately upon the failure of the principal debtors . . . to pay their trade acceptances at maturity." *Milling Co.*, 242 N.C. at 689, 89 S.E.2d at 415.

Applying these rules here, the plaintiff's cause of action arose against defendant guarantor Richard Tarkington when the principal debtor, Aqua-Life, stopped making payments on the Hudson Pools account. Again, the record before us is insufficient to determine the date when Aqua-Life made the final payment on the Hudson Pools account. Because the plaintiff failed to provide sufficient evidence to meet his burden of proving that his action was not time barred, the trial court's granting of summary judgment in favor of the plaintiff on this issue must also be reversed.

After careful examination of the record presented on this appeal, we conclude that there exists a genuine issue of material fact as to whether defendant Game World is liable for the debt on the Aqua-Life account. The court's entry of summary judgment for the plaintiff against defendant Game World is reversed. We further conclude that there exists a genuine issue of material fact as to whether the plaintiff's claims against Aqua-Life and Richard Tarkington are time barred by the applicable statute of limitations. Accordingly, summary judgment for the plaintiff against defendants Leisure-Life d/b/a Aqua-Life and Richard Tarkington is also reversed.

Reversed.

Judges COZORT and JOHN concur.