**COASTAL FEDERAL CREDIT UNION, Appellant,**

v.

**Angel Latoria BROWN, Respondent.**

**Appellate Case No. 2014–002079**
**Opinion No. 5421**

Court of Appeals of South Carolina.

Submitted April 1, 2016
Filed June 30, 2016
Rehearing Denied September 15, 2016

Sarah Dalonzo–Baker, of Kirschbaum Nanney Keenan & Griffin, PA, of Raleigh, North Carolina, for Appellant.

Kirby Rakes Mitchell, of Greenville, and Matthew M. Billingsley, of North Charleston, both of S.C. Legal Services, for Respondent.

CURETON, A.J.:

Coastal Federal Credit Union (CFCU) appeals a circuit court order granting summary judgment to Angel Brown and denying summary judgment to CFCU. On appeal, CFCU argues the circuit court erred by (1) ruling the South Carolina Consumer Protection Code (SCCPC) and the Fair Debt Collections Practices Act (FDCPA) apply to this case, (2) ruling the applicable statute of limitations was three years and granting Brown summary judgment on that basis, and (3) denying its motion for summary judgment. We vacate the circuit court's order as to the first issue, reverse as to the second issue, find the third issue is not appealable, and remand for further proceedings.[1]

## I. FACTS/PROCEDURAL HISTORY

On May 4, 2008, Brown entered into a retail installment sales contract with Johnny's Subaru Isuzu, LLC (the dealership), to purchase a vehicle. Brown financed the purchase, and the contract gave the dealership a security interest in the vehicle. The contract also provided that the financed portion of Brown's purchase would accrue interest at an annual rate of 12.4 percent. The dealership immediately assigned the contract to CFCU, and Brown's certificate of title listed CFCU as first lienholder. Brown failed to make payments as required by the contract,[2] and in October 2009, CFCU repossessed the vehicle. On November 19, 2009, CFCU sold the vehicle at auction, leaving an outstanding balance under the contract. On

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Brown made her last payment in July 2009.

November 24, 2009, CFCU sent Brown a letter notifying her of the sale and resulting deficiency.

On October 21, 2013, CFCU filed the summons and complaint in the current action seeking to collect Brown's debt. The caption of the complaint stated the action was for "debt collection," and the complaint alleged Brown "defaulted in making the regularly-scheduled monthly payments due under the [c]ontract." The complaint further alleged CFCU repossessed and sold the vehicle "in accordance with the terms of the [c]ontract and applicable law," CFCU applied the proceeds "to the [c]ontract," and Brown owed an outstanding balance including interest and collection costs pursuant to the contract. Brown answered, asserting a statute of limitations defense. CFCU filed a motion for summary judgment, arguing the six-year statute of limitations contained in Article 2 of the South Carolina Uniform Commercial Code (SCUCC)[3] applied to the case, while neither the SCCPC nor the FDCPA were applicable. Brown filed a motion for summary judgment asserting the case was barred by the general three-year statute of limitations contained in section 15–3–530 of the South Carolina Code (2005).

At a hearing on the motion, the circuit court engaged in the following exchange with CFCU:

THE COURT: Did you sell the car?

CFCU: We did Your Honor.

COURT: And then you established a balance owing.

CFCU: Correct, in deficiency only.

. . . .

COURT: You're now suing on the deficiency, and now you've got a situation [in which] you needed to do it sooner. I grant [Brown's] motion for summary judgment.

In its order disposing of the parties' motions, the circuit court found CFCU's action was one for the collection of a defaulted debt; therefore, the three-year statute of limitations applied

---

**3.** Although the South Carolina Code refers to sections of the SCUCC as "Chapters" rather than "Articles," we use the term "Article" to maintain uniformity with language used in the Uniform Commercial Code and cited authority.

and barred the action because it was initiated more than three years after CFCU repossessed the vehicle. It also ruled, "The [SCCPC] and the [FDCPA] apply to this case." The circuit court granted Brown's motion for summary judgment and denied CFCU's motion. This appeal followed.

## II. ISSUES ON APPEAL

1. Did the circuit court err by ruling the SCCPC and FDCPA apply to this case?

2. Did the circuit court err by ruling the applicable statute of limitations was three years and granting Brown summary judgment on that basis?

3. Did the circuit court err by denying CFCU's motion for summary judgment?

## III. STANDARD OF REVIEW

"When reviewing a grant of summary judgment, an appellate court applies the same standard used by the trial court." *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 109, 662 S.E.2d 40, 41 (2008). "A grant of summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 109–10, 662 S.E.2d at 41. "Determining the proper interpretation of a statute is a question of law, and this [c]ourt reviews questions of law de novo." *Id.* at 110, 662 S.E.2d at 41.

## IV. SCCPC & FDCPA

■ CFCU argues the circuit court erred by ruling the SCCPC applies to this case because, as a federally-chartered credit union, it is specifically exempted from the SCCPC. Similarly, CFCU argues it is exempted from the FDCPA because it is attempting to collect money owed directly to it and therefore is not a "debt collector" under that act. Brown argues the circuit court's ruling on this issue was "merely incidental" and was not relied upon in reaching its ruling regarding the appropriate statute of limitations. Brown further argues that because the circuit court granted no relief with respect to the SCCPC or the FDCPA, this court can

offer no relief related to the ruling and should dismiss this portion of the appeal. We agree.

The circuit court did not rely on either the SCCPC or the FDCPA in reaching its decisions to grant summary judgment to Brown and deny summary judgment to CFCU. Because the ruling was unnecessary to the circuit court's disposition of the motions, it was improper. We therefore vacate the ruling. *See Brading v. County of Georgetown,* 327 S.C. 107, 112 n. 3, 490 S.E.2d 4, 6 n. 3 (1997) (vacating a ruling related to an issue because the issue "was not before the referee and was unnecessary to his ruling").

## V. STATUTE OF LIMITATIONS

■ CFCU argues the circuit court erred by granting Brown summary judgment on statute of limitations grounds because the contract at issue is an SCUCC Article 2 contract for the sale of goods and the action is one for breach of the contract; therefore, the six-year statute of limitations in Article 2 controls. *See* S.C. Code Ann. § 36–2–725(1) (2003) ("An action for breach of any contract for sale must be commenced within six years after the cause of action has accrued.").[4] Brown, on the other hand, argues CFCU's role in the sale was that of a financing agency and secured lender in a security transaction. She further argues her alleged debt ."arose from a deficiency" after CFCU repossessed and sold the vehicle, and CFCU's actions were taken pursuant to SCUCC Article 9 to collect a debt arising out of its security interest in the vehicle. Accordingly, Brown argues this action is not one for breach of a sales contract under Article 2, and because Article 9 does not contain a statute of limitations, CFCU's claim is governed by the general three-year statute of limitations in section 15–3–530. *See* S.C. Code Ann. § 15–3–530(1) (2005) (providing a three-year statute of limitations for "an action upon a contract, obligation, or liability, express or implied"). CFCU rejects Brown's assertion that the action was transformed into one

---

4. Article 2 does exempt from its scope transactions "intended to operate *only* as a security transaction." S.C. Code Ann. § 36–2–102 (2003) (emphasis added). However, the transaction between Brown and the dealership was a mixed transaction involving both a sale of goods and a security agreement. Accordingly, it did not operate only as a security transaction and was not exempted from Article 2's scope.

solely for debt collection because CFCU repossessed and sold the vehicle. Rather, CFCU argues its complaint set forth that Brown breached the contract and CFCU is attempting to enforce the contractual payment obligations through this action.

This issue—whether Article 2 of the Uniform Commercial Code (UCC) applies to an action for the recovery of a deficiency following the repossession and sale of collateral by a secured creditor who is also a party to the sales contract creating the security interest in the collateral—is one of first impression in South Carolina. Additionally, there is a split of authority on this issue nationally. *See* David J. Marchitelli, Annotation, *Causes of Action Governed by Limitations Period in UCC § 2-725*, 49 A.L.R.5th 1 (1997) (listing cases applying the UCC statute of limitations in section 15(a) of the annotation, and cases applying a non-UCC statute of limitations in section 15(b)); Sonja A. Soehnel, Annotation, *What Constitutes a Transaction, a Contract for Sale, or a Sale Within the Scope of UCC Article 2*, 4 A.L.R.4th 85 (1981) (listing cases applying Article 2 to mixed sale-security contract actions in section 19(a) of the annotation, and cases declining to apply Article 2 in section 19(b)).

█ The majority of jurisdictions applies Article 2 to such actions, reasoning "a deficiency suit is more closely related to the sales aspect of a combination sale and security interest than to the security aspect." Richard H. Nowka, *The Secured Party Fiddles While the Article 2 Statute of Limitations Clock Ticks—Why the Article 2 Statute of Limitations Should Not Apply to Deficiency Actions*, 7 Fla. St. U. Bus. Rev. 1, 5 (2008); *id.* at 39 (recognizing "the tally of cases deciding the issue is greatly in favor of applying Article 2"). Conversely, the minority of jurisdictions reasons that an action to recover a deficiency is more closely related to the security aspect of the transaction, which is governed by UCC Article 9, and chooses not to apply Article 2. *See, e.g., N.C. Nat'l Bank v. Holshouser*, 38 N.C.App. 165, 247 S.E.2d 645, 647 (1978) (ruling Article 2 "inapplicable to this transaction beyond its pure sales aspects, and that Article 9 is paramount in reference to the security aspects of the transaction"). We believe the majority's reasoning is more persuasive and adopt it here. *See, e.g., Worrel v. Farmers Bank of Del.*, 430 A.2d 469, 471

(Del. 1981) ("We agree ... that Article 2, the sales article of the Uniform Commercial Code ..., controlled the contractual rights of the parties ...."); *Barnes v. Cmty. Trust Bank,* 121 S.W.3d 520, 524 (Ky. Ct. App. 2003) ("We agree with the courts of the other states ... that while this case may be viewed as involving a hybrid contract, it deals essentially with a contract for the sale of a good. As such, it falls squarely within Article 2 of the Uniform Commercial Code, and should be governed by the limitations period contained in that article."); *Assocs. Disc. Corp. v. Palmer,* 47 N.J. 183, 219 A.2d 858, 861 (1966) ("[W]e think [the view that an action for a deficiency is not governed by Article 2 because it is incident to the security arrangement between the parties rather than the sales aspect of the agreement] mistakes the true character of a deficiency suit. Such a suit is nothing but a simple [i]n personam action for that part of the sales price which remains unpaid after the seller has exhausted his rights under Article 9 by selling the collateral; it is an action to enforce the obligation of the buyer to pay the full sale price to the seller, an obligation which is an essential element of all sales and which exists whether or not the sale is accompanied by a security arrangement."); *First Nat'l Bank in Albuquerque v. Chase,* 118 N.M. 783, 887 P.2d 1250, 1252 (1994) ("a deficiency action is essentially an action for the price and is, therefore, part of the general sales aspect of the agreement").

Admittedly, CFCU exercised its right to repossess the vehicle under SCUCC Article 9. *See* S.C. Code Ann. § 36–9–609 (2003) (allowing repossession of collateral after default); S.C. Code Ann. § 36–9–610(a) (2003) (allowing the sale of collateral after default); S.C. Code Ann. § 36–9–615(d) (2003) (holding the obligor liable for any deficiency following sale). However, as assignee to the sales contract, CFCU gained the dealership's rights thereunder, including the right to sue Brown for a breach of the contract. *See* S.C. Code Ann. § 36–2–210 (2) (2003) ("Unless otherwise agreed[,] all rights of either seller or buyer can be assigned except where the assignment would materially change the duty of the other party, or increase materially the burden or risk imposed on him by his contract, or impair materially his chance of obtaining return performance."); *Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.,* 335 S.C. 635, 639, 518 S.E.2d 44, 46 (Ct. App.

1999) ("In South Carolina, it is well established that an 'assignee ... stands in the shoes of its assignor ....' ") (quoting *Singletary v. Aetna Cas. & Sur. Co.*, 316 S.C. 199, 201, 447 S.E.2d 869, 870 (Ct. App. 1994)); *id.* at 640, 518 S.E.2d at 46 ("When a contract is assigned, the assignee should have all the same rights and privileges, including the right to sue on the contract, as the assignor."); *First Nat'l Bank in Albuquerque*, 887 P.2d at 1252 ("The fact that the [automobile installment sales contract and security agreement] was later assigned ... does not change the nature of the agreement.").

In our view, CFCU is entitled to exercise its rights under both Articles 2 and 9 simultaneously, so long as it does not obtain double recovery, and repossessing and selling the vehicle did not extinguish CFCU's rights under the sales contract, including the right to recover interest from Brown at the agreed-upon rate and collection costs. *See* S.C. Code Ann. § 36–9–601(a) (2003) ("After default, a secured party has the rights provided in this part and, except as otherwise provided in [s]ection 36–9–602, *those provided by agreement of the parties.*" (emphasis added)); S.C. Code Ann. § 36–9–602 (2003) (mandating that certain statutory provision in Article 9 may not be waived or varied); *Andrews v. von Elten & Walker, Inc.*, 315 S.C. 199, 202, 432 S.E.2d 500, 502 (Ct. App. 1993) (ruling "the UCC does not prohibit a secured party in possession of collateral from proceeding judicially on a guaranty"). Had the transaction between Brown and the dealership been simply a contract for the sale of goods unaccompanied by the creation of a security agreement, there is no question that CFCU, as the dealership's assignee, would be entitled to sue Brown for a breach of the contract, and the applicable statute of limitations would be that of SCUCC Article 2. We can discern no reason why this right should be taken away merely because a security interest in the vehicle was created concomitantly with its sale.

Here, although CFCU captioned its complaint as a "debt collection" action, it alleged Brown defaulted under the contract, CFCU repossessed and sold the vehicle "in accordance with the terms of the [c]ontract and applicable law," CFCU applied the proceeds "to the [c]ontract," and Brown owed an outstanding balance that included interest and collection costs

pursuant to the contract. Accordingly, CFCU's action relates to the sales contract and is governed by SCUCC Article 2. Because CFCU's action was filed within the six-year statute of limitations in section 36-2-725, we reverse the circuit court's grant of summary judgment to Brown.

## VI. DENIAL OF SUMMARY JUDGMENT

■ CFCU argues the circuit court erred by denying its motion for summary judgment on the merits because there was no genuine issue of material fact surrounding Brown's breach of contract and resulting indebtedness and CFCU was entitled to judgment as a matter of law. CFCU further argues that while a denial of summary judgment is generally not appealable, this denial is appealable because it accompanies the circuit court's appealable grant of summary judgment to Brown. We find this issue is not appealable. *See Ballenger v. Bowen*, 313 S.C. 476, 476, 443 S.E.2d 379, 380 (1994) ("This [c]ourt has repeatedly held that the denial of summary judgment is not directly appealable."); *id.* at 477, 443 S.E.2d at 380 ("The denial of summary judgment does not establish the law of the case, and the issues raised in the motion may be raised again later in the proceedings by a motion to reconsider the summary judgment motion or by a motion for a directed verdict."); *id.* ("In short, the denial of summary judgment does not *finally* determine anything about the merits of the case and does not have the effect of striking any defense since that defense may be raised again later in the proceedings.").

## VII. CONCLUSION

We reverse the circuit court's grant of summary judgment to Brown, vacate its ruling regarding the SCCPC and FDCPA, and remand for further proceedings.

**VACATED IN PART, REVERSED IN PART, AND RE-MANDED.**

THOMAS, J., concurs.

SHORT, J., concurring in part and dissenting in part:

I concur with the majority in its disposition of the first and third issues. As to the second issue, I respectfully dissent.

The second issue in this case is whether the applicable statute of limitations is the statute of limitations in Article 2 (governing the sale of goods) or the statute of limitations for the default on a security interest (governed by general statutes because Article 9 does not contain its own statute of limitations). Considering the applicable statute of limitations under facts similar to those presented in this case, the Court of Appeals of North Carolina in *North Carolina National Bank v. Holshouser*, 38 N.C.App. 165, 247 S.E.2d 645, 647 (1978), found the Article 2 statute of limitations did not apply. The court found Article 2 would apply to the sales aspects of such a transaction and Article 9 would apply to the security aspects of the transaction. *Id.* Because Article 9 contains no statute of limitations, the court in *Holshouser* looked to other statutes of limitations in North Carolina. *Id.*

I recognize many courts have applied the Article 2 statute of limitations to an action on a secured transaction similar to this action. *See* Richard H. Nowka, *The Secured Party Fiddles While the Article 2 Statute of Limitations Clock Ticks—Why the Article 2 Statute of Limitations Should Not Apply to Deficiency Actions*, 7 Fla. St. U. Bus. Rev. 1, 39–40 (2008) (explaining many courts have ignored the Official Comments to Article 2 and summarily cited *Associates Discount Corp. v. Palmer*, 47 N.J. 183, 219 A.2d 858 (1966) in finding Article 2 applies under similar facts); *id.* at 2 n.4 (listing cases that have applied the Article 2 statute of limitations); *Daimler-Chrysler Servs. N. Am., LLC v. Ouimette*, 175 Vt. 316, 830 A.2d 38, 42 (2003) (citing multiple jurisdictions applying the Article 2 statute of limitations to a suit for default on a motor vehicle retail installment sales contract). However, I agree with the rationale of the North Carolina Court of Appeals in *Holshouser* and find the circuit court did not err when it found the three-year statute of limitations applied in this case.

The sales transaction between Brown and Johnny's Subaru Isuzu, LLC (Johnny's) was for the sale of goods, namely the vehicle. Johnny's assigned the Retail Installment Sale Contract (the Contract) to CFCU. The Contract provided the financing terms and created a security interest. As a transaction for the sale of goods, CFCU correctly contends the SCUCC applied to the sale of the vehicle. *See* S.C. Code Ann. § 36-2-102 (2003) ("Chapter [2 of the SCUCC] applies to

transactions in goods; it does not apply to any transaction ... intended to operate only as a security transaction ....")). However, in my view, CFCU's cause of action does not arise from a breach of the *sales* contract under the SCUCC; rather, it is a debt collection action on the security interest, not arising under the SCUCC. *See BancOhio Nat'l Bank v. Freeland*, 13 Ohio App.3d 245, 468 N.E.2d 941, 944 (1984) (finding an action based on the note secured by a vehicle was not governed by Article 2 where the financer was not the seller of the vehicle); *see also Gray v. Suttell & Assocs.*, 123 F.Supp.3d 1283, 1289–90 (E.D. Wash. 2015) (distinguishing between a hybrid agreement, which constituted both a contract for sale and a secured transaction and was subject to Article 2, and a financing agreement separate from the sale of goods, which was not subject to Article 2); S.C. Code Ann. § 36–1–201(35) (Supp. 2015) (" 'Security interest' means an interest in personal property or fixtures, which secures payment or performance of an obligation.").

Based on the analysis in *Holshouser*, I would find the circuit court properly granted Brown's motion for summary judgment. *See McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014) ("Summary judgment is appropriate when a plaintiff does not commence an action within the applicable statute of limitations."). Accordingly, I would affirm the second issue.