22732

COST OF WISCONSIN, INC., Respondent v. Jack W. SHAW, Gene Anderson, J. L. Humphries, Theme Golf, Inc., Bankers Trust of South Carolina, J. C. Faw, Edward H. Lee, individually and as Executor of the Estate of Ann Baird Lee and Brooks Enterprises, Inc., Defendants. of whom Theme Golf, Inc. is Appellant.

(357 S. E. (2d) 20)

Supreme Court

*Howell V. Bellamy, Jr.,* and *Henrietta U. Golding,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for appellant.*

*John C. Thompson* and *John P. Henry,* of *Thompson, Henry & Gwin, P.A.,* Conway, *for respondent.*

Submitted Feb. 17, 1987.

Decided June 1, 1987.

GREGORY, Justice:

Respondent Cost of Wisconsin, Inc. commenced this action to foreclose a mechanic's lien filed against property owned by appellant Theme Golf, Inc. Theme Golf moved to dismiss the action on the ground Cost of Wisconsin lacked standing to maintain the suit. The motion was denied and the jury returned a verdict against Theme Golf. Theme Golf appeals the denial of this motion. We affirm.

Cost of Wisconsin, a foreign corporation organized under the laws of the state of Wisconsin, performed construction work for Theme Golf in South Carolina in 1984 although it was not authorized to do business in this State. *See* S. C. Code Ann. § 33-23-10 (1976). When Theme Golf failed to make payment, Cost of Wisconsin filed a mechanic's lien in November 1984. It timely commenced this action within the required six months. *See* S. C. Code Ann. § 29-5-120 (1976). Cost of Wisconsin became authorized to do business in South Carolina in July 1985 while this action was pending.

S. C. Code Ann. § 33-23-140(B) (Supp. 1985) provides in pertinent part that a foreign corporation "shall not maintain any action, suit, or proceeding in this State unless and until such corporation shall have been authorized to do business in this State. . . ." Theme Golf contends this statute requires a foreign corporation to be qualified before it can commence an action. Cost of Wisconsin argues, however, that "maintain" indicates a foreign corporation may commence an action even if not qualified under § 33-23-140(B) as long as it does become qualified prior to judgment in the action.

Courts of other jurisdictions have construed statutes with language identical to that in issue here. Although there is a split of authority, the prevailing view is to allow qualification of a foreign corporation after commencement of an action based on a concept of fairness. *See Capin v. S & H Packing Co.*, 130 Ariz. 441, 636 P. (2d) 1223 (1981); *Video Engineering Co. v. Foto-Video Electronics, Inc.*, 207 Va. 1027, 154 S. E. (2d) 7 (1967); *see generally* Annot., 6 A. L. R. (3d) 326 (1966). We now adopt this majority view and construe § 33-23-140(B) to allow a foreign corporation to maintain an action by qualifying after commencement of the suit.

Accordingly, the judgment of the Circuit Court is

Affirmed.

NESS, C. J., FINNEY, J., and RODNEY A. PEEPLES, Acting J., concur.

CHANDLER, J., not participating.