23558

CHET ADAMS COMPANY, Petitioner v. JAMES F. PEDERSON COMPANY, and Heil Quaker Corporation, f/d/b/a Zoneaire Corporation, Respondents.

(413 S.E. (2d) 827)

Supreme Court

*Robert T. Lyles, Jr.*, of *Wall and Shoun*, Charleston, *for petitioner*.

*T.E. Pederson*, Charleston, *for respondents*.

Heard Dec. 2, 1991.

Decided Jan. 13, 1992.

HARWELL, Justice:

The sole issue on appeal is whether the Court of Appeals erred in remanding this case to me circuit court for a determination of issues arising out of petitioner Chet Adams' failure to comply with S.C. Code Ann. § 33-15-102(a) (1990).[1] We reverse and remand the case to the Court of Appeals for a decision on the merits.

## I. FACTS

Petitioner Chet Adams Company, a foreign corporation, brought this action against respondent James F. Pederson Company to recover monies allegedly owed on an account as the result of the sale of air conditioning equipment.[2] After a non-jury trial, the circuit court judge entered judgment in favor of Chet Adams. Pedersen appealed and the case was assigned to the Court of Appeals.

In its reply brief to the Court of Appeals, Pedersen claimed that the case should be dismissed because Chet Adams had not obtained a certificate of authority as required by Section 33-15-102(a). At the oral argument in front of the Court of Appeals, Chet Adams submitted a certificate of registration

---

[1] Section 33-15-102(a) requires a foreign corporation transacting business in this State to obtain a certificate of authority before it can maintain a proceeding in any court in this State.

[2] Originally, Chet Adams also named Heil Quaker Corporation, f/d/b/a Zoneaire Corporation, as a defendant. However, Heil Quaker filed a cross-claim against Pedersen and assigned its cause of action to Chet Adams, leaving Pedersen as the only remaining defendant.

which it had obtained that day. After some discussion regarding this issue, the parties argued the merits of the appeal.

On April 11, 1991, the Court of Appeals issued a per curiam, unpublished decision holding that, since the registration issue was raised for the first time on appeal and had not been ruled on by the circuit court, the case should be remanded so the circuit court could address the issue. On remand, the Court of Appeals ordered the circuit court to determine three issues:

(1) whether Pederson waived the right to complain about Chet Adams' not having the required certificate by not raising the issue until the case was on appeal; or

(2) whether the fact Chet Adams did not have the certificate deprived the Court of subject matter jurisdiction to entertain the suit; and

(3) whether Chet Adams should be allowed to remove, *ex post facto*, the impediment to maintaining the proceeding by obtaining the certificate after judgment was rendered.

We granted petitioner Chet Adams' petition for writ of certiorari to review the Court of Appeals' decision to remand the case to the circuit court.

## II. DISCUSSION

The primary question in this case is whether Section 33-15-102 is jurisdictional or whether it merely affects a party's capacity to sue. We find that our prior case law, as well as the Official Comments to Section 33-15-102, demonstrate that the failure to comply with Section 33-15-102 does not affect a court's subject matter jurisdiction.

In *Cost of Wisconsin v. Shaw*, 292 S.C. 435, 357 S.E. (2d) 20 (1987), Cost of Wisconsin, a foreign corporation that was not registered to do business in South Carolina, sought to foreclose a mechanics' lien filed against property owned by Theme Golf, Inc. Theme Golf moved to dismiss the action on the ground that Cost of Wisconsin lacked standing to maintain the suit because it was not authorized to do business in South Carolina as required by S.C. Code Ann. § 33-23-140(B) (Supp.

1986).[3] We held that a foreign corporation could qualify under Section 33-23-140(B) after commencement of the suit.

This holding is consistent with the Official Comments to our current statute, which provide that:

> [Section 33-15-102] authorizes a court to stay a proceeding to determine whether a corporation should have qualified to transact business and, if it concludes that qualification is necessary, it may grant a further stay to permit the corporation to do so. Thus, the corporation will not be compelled to refile a suit if the corporation qualifies to transact business within a reasonable period. The purpose of these provisions is to encourage corporations to obtain certificates of authority and to eliminate the temptation to raise [Section 33-15-102] defenses only after applicable statutes of limitation have run.

Acts by a court as to a matter over which it has no jurisdiction are void. *Hoover v. Hoover*, 271 S.C. 177, 246 S.E. (2d) 179 (1978). Accordingly, if the failure of a foreign corporation to comply with Section 33-15-102 deprived a court of jurisdiction, a court-ordered stay such as is authorized by the above cited authorities would be impossible; once a lack of jurisdiction was determined, the court would have to dismiss the action and could not order a stay. *See* Rule 12(h)(3), SCRCP ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Courts from other jurisdictions which have addressed this issue have also concluded that statutes such as Section 33-15-102, known as "door closing" statutes, affect a foreign corporation's capacity to sue rather than a court's subject matter jurisdiction. *See, e.g., Hot Roll Mfg. Co. v. Cerone Equipment Co.*, 38 A.D. (2d) 339, 329 N.Y.S. (2d) 466 (1972); *Video Engineering Co. v. Foto-Video Electronics, Inc.*, 207 Va. 1027, 154 S.E. (2d) 7 (1967).

Thus, we hold that a foreign corporation's failure to comply with the provisions of Section 33-15-102 does not affect a court's subject matter jurisdiction. Instead,

---

[3] Section 33-23-140(B), the predecessor of Section 33-15-102(a), provided that a foreign corporation could not maintain a suit until it was authorized to do business in this State.

compliance with this statute affects a foreign corporation's capacity to sue. Further, the defense of capacity to sue can be waived by a defendant if not raised. *H & H Glass Co. v. Wynne*, 289 S.C. 389, 346 S.E. (2d) 523 (1986) (Where lack of capacity to sue is not timely raised by demurrer or answer, it is waived.). *See also*, Rule 9(a), SCRCP (In order to raise an issue as to the capacity of a party to sue, a party must have a specific negative averment to that effect.). In this case, Chet Adams' failure to register was not raised as a defense by Pedersen in its pleadings, at the trial of the case, or as an exception on appeal. It was raised for the first time in Pedersen's reply brief. Accordingly, Pedersen has waived its right to complain that Chet Adams lacks capacity to sue.

In sum, we conclude that the Court of Appeals erred in remanding this case to the circuit court. Instead, it should have determined that the circuit court was not deprived of jurisdiction and that Pedersen waived its right to complain as to Chet Adams' lack of capacity to sue. Accordingly, we reverse and remand the case to the Court of Appeals for a decision on the merits.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.