2203

Arnold SINGLETARY and M.V. Turner, Jr., Respondents v.
The AETNA CASUALTY & SURETY COMPANY, Appellant.

(447 S.E. (2d) 869)

Court of Appeals

*Jon L. Austen,* of *Wise & Cole,* Charleston, *for appellant.*

*John J. Dodds, III,* of *Woody, Bargmann, Cisa, Styles & Dodds,* North Charleston, *for respondents.*

Heard June 8, 1994.

Decided July 18, 1994.

*Per Curiam:*

In this declaratory judgment action, Aetna Casualty & Surety Company (Aetna) appeals from a judgment holding that Arnold Singletary and M.V. Turner, Jr. (collectively referred to as "Singletary") are entitled to the proceeds of a fire insurance policy. We reverse.

The facts of this case are uncontroverted. Aetna insured a home owned by Francis Alkofer. South Carolina National

Bank (SCN) was the mortgagee. On March 27, 1991, a fire set by Alkofer partially destroyed the premises resulting in damages totalling $16,173.33. At the time of the fire, Alkofer was indebted to SCN on the mortgage in the principal amount of $16,037.64.

Singletary purchased the property at a mortgage foreclosure sale on February 3, 1992. SCN was paid in full by virtue of the foreclosure. On April 6, 1992, SCN assigned its "right, interest, and title in and to all claims, causes of action, benefits, entitlements and insurance proceeds" to Singletary. Prior to the foreclosure, SCN had not made a claim under the policy for the fire damage sustained by the property. After the assignment, Singletary made a claim to Aetna for the fire damage to the property. Asserting that Singletary had no insurable interest in the property, Aetna refused to pay the claim.

The circuit court held Singletary, by virtue of the assignment from SCN, had an insurable interest in the property at the time the policy was issued and at the time of the loss. Therefore, the court granted summary judgment for Singletary and entered judgment against Aetna in the amount of $15,923.33.

On appeal from summary judgment, the reviewing court must consider the facts and inferences in the light most favorable to the nonmoving party. The judgment may be affirmed only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Estate of Cantrell by Cantrell v. Green*, 302 S.C. 557, 559, 397 S.E. (2d) 777, 778 (Ct. App. 1990).

Aetna contends the trial judge erred in ruling Singletary was entitled to recover for the loss on the fire insurance policy as a matter of law. Aetna argues Singletary has no basis for a claim under the policy because at the time of the assignment, any interest SCN had under the policy had been extinguished. Reasoning that SCN's rights under the policy were terminated when the mortgage indebtedness was fully satisfied at the foreclosure sale, Aetna maintains that logic and precedent preclude recovery by Singletary under the policy. We agree.

A majority of those jurisdictions which have addressed this issue have held "that if subsequent to the fire the mortgagee has had its debt satisfied by purchase at foreclosure either by

the mortgagee or a stranger, even by its bidding in of the outstanding debt, the mortgagee's rights under the policy are terminated." *Whitestone Sav. & Loan Ass'n v. Allstate Ins. Co.*, 28 N.Y. (2d) 332, 335, 321 N.Y.S. (2d) 862, 865, 270 N.E. (2d) 694, 696 (1971); *see, e.g., Burritt Mut. Sav. Bank v. Transamerica Ins. Co.*, 180 Conn. 71, 428 A. (2d) 333 (1980); *Palmer v. Mitchell County Fed. Sav. & Loan Ass'n*, 189 Ga. App. 646, 377 S.E. (2d) 4 (1988); *Heritage Fed. Sav. Bank v. Cincinnati Ins. Co.*, 180 Mich. App. 720, 448 N.W. (2d) 39 (1989); *Arkansas Teacher Retirement Sys. v. Coronado Properties, Ltd.*, 33 Ark. App. 17, 801 S.W. (2d) 50 (1990); *accord* 10A Couch on Insurance 2d § 42:746 (1982 & Supp. 1993).

In *Whitestone*, the mortgagee argued, as does Singletary here, that its rights were determined at the time of the fire loss, and therefore an extinguishment of the mortgage by foreclosure after the loss does not affect the liability of the insurance company to the loss-payable mortgagee or its assignee. In response to this argument, the court in *Whitestone* rejoined:

> What seems to have caused confusion is the equally well-settled rule that the rights under a fire insurance policy are fixed both as to amount and standing to recover at the time of the fire loss. From this rule it has been further and improperly deduced that the mortgagee could do nothing to impair his rights thus fixed at the time of the loss. And of course he could: by waiver, estoppel, assignment, or as here by discharge of the debt.

28 N.Y. (2d) at 334, 321 N.Y.S. (2d) at 863, 270 N.E. (2d) at 695. The court further noted the fact that a mortgagee may not recover on the insurance does not mean that an insurer will not be obligated to pay the mortgagor or other person entitled under the policy. Indeed, in the absence of defenses, it will be the mortgagor or his creditors who will recover. *Whitestone*, 28 N.Y. (2d) at 337, 321 N.Y.S. (2d) at 865-68, 270 N.E. (2d) at 697.

Here, it is stipulated that the mortgagor, Alkofer, committed arson and is therefore precluded from recovery under the policy. As assignee, Singletary stands in the shoes of its assignor, SCN. *Thomasson v. Ocean Point Golf, Inc.*, 300 S.C. 29, 386 S.E. (2d) 282 (Ct. App. 1989). An as-

signee of a chose in action can claim no higher rights than his assignor had at the time of the assignment. *Standard Oil Co. v. Powell Paving & Contracting Co.*, 139 S.C. 411, 427, 138 S.E. 184, 189 (1927). At the time of this assignment, the mortgage had been satisfied. Under South Carolina law, a party is not entitled to receive insurance proceeds in excess of their interest in the property. *Swearingen v. Hartford Ins. Co.*, 52 S.C. 309, 29 S.E. 722, 723 (1898) (the mortgage holder's interest in property exist only "to the extent of the mortgagee's interest in the property destroyed"). Thus, under the facts of this case, SCN had no further interest in the property and, therefore, the post-foreclosure assignment by SCN transferred no interest to Singletary.

Accordingly, the decision of the circuit court is

Reversed.