**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DOONEY & BOURKE, INCORPORATED,
Plaintiff-Appellee,

v.

YONG HEE LEE;OK JA LEE; WAN
LEE,
Defendants-Appellants,

and

D. B. TRADING CORPORATION; KIM
ALLISON; CHONG MIZE; IN SUK
ROCHA; KYONG SUN WATERS; JANE
DOE; JOHN DOE,
Defendants.

No. 98-1544

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-96-2918-20-6, CA-96-2239-20-6)

Submitted: November 17, 1998

Decided: December 17, 1998

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Yong Hee Lee, Ok Ja Lee, Wan Lee, Appellants Pro Se. Oscar Wil-
liam Bannister, Jr., HILL, WYATT & BANNISTER, LLP, Green-

ville, South Carolina; Cort Flint, Jr., Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Yong Hee Lee, Ok Ja Lee, and Wan Lee appeal from the district court's judgment, after a jury trial, awarding Dooney & Bourke, Inc., damages due to trademark infringements. For the reasons that follow, we affirm the judgment of the district court.

The Lees raise two nonmeritorious claims on appeal. First, we find no support in the record that Dooney & Bourke transacts business in the state of South Carolina such that it would be required to obtain a certificate of authority. See S.C. Code Ann. § 33-15-102(a) (Law. Co-op. 1990) (South Carolina's "door-closing statute" prohibits companies who transact business without a certificate of authority from filing suit in a S.C. court). In addition, even if § 33-15-102(a) is applicable to Dooney & Bourke (which we do not find), the Lees have provided no authority for the proposition that a South Carolina statute may bar a federal court action based upon federal question jurisdiction. Rather, § 33-15-102(a) has only been used to bar actions based on state law. See Chet Adams Co. v. James F. Pedersen Co., 413 S.E.2d 827 (S.C. 1992); Cost of Wisconsin, Inc. v. Shaw, 357 S.E.2d 20 (S.C. 1987); cf. Allenberg Cotton Co. v. Pittman, 419 U.S. 20 (1974) (holding that a Mississippi door-closing statute may not impede a diversity action concerning interstate or foreign commerce brought in a federal court). Second, the Lees' argument that the district court lacked personal jurisdiction over them fails because they voluntarily appeared before the court and testified at the trial. See Maybin v. Northside Correctional Ctr., 891 F.2d 72, 74-75 (4th Cir. 1989) (holding that the issue of personal jurisdiction is waived unless the party appears before the court solely to contest such jurisdiction).

2

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions have been adequately presented before the court and argument would not aid the decisional process.

AFFIRMED

3