THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
GMAC Commercial Mortgage Corporation, Respondent,
v.
F.C. Tally Roberts, Jr., Appellant.
 
 
 

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2005-UP-542
Heard September 13, 2005  Filed October 12, 2005

AFFIRMED

 
 
 
Bruce M. Simpson, of Charlotte, North Carolina and James W. Bradford, Jr., of York, for Appellant.
Robert C. Byrd, of Charleston, for Respondent.
 
 
 

PER CURIAM:  GMAC Commercial Mortgage Corporation (GMAC) filed this action to collect on 24 loans personally guaranteed by F.C. Tally Roberts, Jr.  The trial court granted GMACs motion to add U.S. Bank National Association (U.S. Bank) as a party plaintiff.  The court also granted GMACs motion to strike Roberts demand for a jury trial.  Roberts appeals.  We affirm.  
FACTS
The guaranties in this case secured loans totaling greater than $18 million made by Franchise Mortgage Acceptance Company, LLC to either Acme Petroleum and Fuel Company or Acme Properties Limited Partnership (Borrowers).  Roberts was the chief executive officer of Borrowers and personally guaranteed the loans.  U.S. Bank is the current owner and holder of the loans and guaranties.  GMAC is the servicer of the loans and is allegedly authorized to sue on U.S. Banks behalf.  
After Borrowers defaulted, GMAC filed this collection action.[1]  In response, Roberts demanded a jury trial and asserted that GMAC is not the real party in interest and lacks standing to bring the action.   GMAC moved to join U.S. Bank as a party plaintiff and to strike Roberts demand for a jury trial based on waivers contained in the guaranties.  
The trial court found the jury trial waivers to be valid and enforceable and granted the motion to join U.S. Bank as a party plaintiff.  
LAW/ANALYSIS
I.  Joinder of U.S. Bank as a Party Plaintiff
Roberts contends the trial court erred in granting the motion to join U.S. Bank as a party plaintiff.  We disagree.  
The South Carolina Rules of Civil Procedure permit all persons to join an action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.  Rule 20(a), SCRCP.  In Twelfth RMA Partners v. National Safe Corp., 335 S.C. 635, 638, 518 S.E.2d 44, 45-46 (Ct. App. 1999), a party who was not the holder of a note and guaranty moved on the day of trial to substitute the holder of the note as the proper party.  The court allowed the substitution finding no prejudice to the defendant as no new claims were added and the subject of the claim remained the same.  Id. at 641, 518 S.E.2d at 47.  The court therefore concluded the defendant suffered no prejudice.  Id.  
Although U.S. Bank was added rather than substituted, we find the analysis in Twelfth RMA Partners sound.  U.S. Banks claim arises from the same transactions or occurrences as GMACs claimthe notes and guaranties.  Furthermore, the trial court correctly noted that any substantive defenses Roberts has may still be asserted at trial.  Roberts has failed to show any prejudice resulting from the joinder.  We find the motion for joinder was properly granted.  
II.  Waiver of Right to Jury Trial
Roberts next argues the trial court erred in granting GMACs motion to strike his demand for a jury trial, in part because GMAC did not have standing to assert the waivers.  We find no error. 
First, we find GMACs alleged lack of standing immaterial as we find the trial court properly allowed the Bank to be joined as a party.  On the merits of the waivers, we likewise find no error.  Each guaranty contains the following provision:

21.     NO JURY TRIAL.  The Guarantors waive all rights to trial by jury in any litigation or other proceeding relating to or arising out of this Guaranty or any of the other Loan Documents.  The Guarantors acknowledge that:  (i) the provisions of this waiver have been fully disclosed to and discussed by each Guarantor and the Lender, and shall be subject to no exceptions; (ii) this waiver is made knowingly, intentionally and willingly by each Guarantor as part of a bargained-for loan transaction; and (iii) the Lender has not in any way agreed with, represented or intimated to any Guarantor or any of their representatives that the provisions of this waiver shall not be fully enforced in all instances.  

Each guaranty also contains a choice of law provision stating that the law of Connecticut applies.  
Roberts argues North Carolina law applies under the law of lex loci rei sitae[2] because North Carolina was the principal place of business and the state of Borrowers organization.[3]  We disagree.  A guarantors liability is a separate contractual obligation, independent of the obligation on the original note.  TranSouth Fin. Corp. v. Cochran, 324 S.C. 290, 295, 478 S.E.2d 63, 65 (Ct. App. 1996).  Additionally, parties may contractually choose the law that will govern the transaction.  See Lybrand v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 321 S.C. 70, 74, 467 S.E.2d 745, 747 (Ct. App. 1996) (enforcing a choice of law provision in an arbitration agreement); S.C. Code Ann. § 36-1-105(1) (2003) (providing that the parties to a transaction may choose by agreement which states law will apply).  Furthermore, a number of the loans in this case were secured by property located in South Carolina.  We agree with the trial courts finding that the guaranties were governed by either South Carolina or Connecticut law.  
Under Connecticut law, contractual jury trial waivers are presumptively valid.  L & R Realty v. Connecticut Natl Bank, 715 A.2d 748, 755 (Conn. 1998).  To rebut this presumption, the party seeking to avoid the waiver must present evidence that it clearly did not intend to waive the right to a jury trial.  Id. at 755-56.  Likewise, under South Carolina law, a party may waive the right to a jury trial by contract.  Beach Co. v. Twillman, Ltd., 351 S.C. 56, 63-64, 566 S.E.2d 863, 866 (Ct. App. 2002).  Because the right to trial by jury is a substantial right, the terms of the waiver must be strictly construed.  Id.  However, the terms of the waiver must be construed using their plain, ordinary and popular meaning.  Id.  
Roberts argues the waivers are not enforceable because they were not knowingly, voluntarily, and intelligently made, in part because he allegedly did not have an opportunity to read the documents at closing.  South Carolina law is settled that a person who signs a contract cannot avoid the effect of the document by claiming he did not read it.  Regions Bank v. Schmauch, 354 S.C. 648, 663, 582 S.E.2d 432, 440 (Ct. App. 2003).  Under Connecticut law, the burden is on the party seeking to avoid a waiver.  L & R Realty, 715 A.2d at 755.  
Roberts relies on his affidavit, which states he did not have the opportunity to read the agreements at closing.  However, the guaranties provide that Roberts made the waivers knowingly and voluntarily.  Furthermore, Roberts is an experienced business person and was represented by a prominent law firm at the time he executed the guaranties.  Roberts counsel issued an opinion letter to the lender stating he had examined the loan documents and guaranties and had represented Roberts in the transaction.  The opinion letter clearly indicated a thorough review of the guaranties, including the waiver provisions.  As did the trial court, we find the waiver provisions valid under either South Carolina or Connecticut law.  
III.  Unpreserved Issues
Roberts raised the following unpreserved issues on appeal:  1) application of S.C. Code Ann. § 33-15-102(a); 2) GMACs waiver by delay; 3) application of waiver of jury trial provision to tort counterclaims; 4) GMACs improper use of joinder rules; and 5) GMACs reliance on irrelevant materials not timely submitted to the court.  As to the first three issues, these issues are not preserved for appellate review, as they were not ruled upon by the trial court.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).  As to the fourth and fifth issues, these issues are not preserved as they were raised for the first time in Roberts reply brief.  See Continental Ins. Co. v. Shives, 328 S.C. 470, 474 n.2, 492 S.E.2d 808, 811 n.2 (Ct. App. 1997) (An appellant may not use the reply brief to argue issues not argued in the initial brief.).  
CONCLUSION
We find the trial court properly granted the motion to join U.S. Bank as a party plaintiff.  We further find the jury trial waiver provisions are valid and enforceable under either South Carolina or Connecticut law.  Accordingly, the order on appeal is 
 AFFIRMED. 
 HEARN, C.J., STILWELL, and KITTREDGE, JJ., concur.

[1]  
GMAC originally brought this action in North Carolina and Roberts objected on the ground of lack of personal jurisdiction, as he is a South Carolina resident.  GMAC voluntarily dismissed the North Carolina action without prejudice and filed this action in South Carolina.  
[2]  
The law of the place where a thing is located.  Blacks Law Dictionary 911 (6th ed. 1990).
[3]  
Under North Carolina law, a provision for the waiver of the right to a jury trial is unconscionable and unenforceable.  N.C. Gen. Stat. § 22B-10 (2005).