**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

US Bank National Association, as Trustee under the Pooling and Service Agreement with Pooling ID #0040323 and Distribution Series 2006-EMX3, Respondent,

v.

Christine Jolley Johnson, Charles Waylan Johnson, Christopher Wayne Johnson, Crystal Dawn Holland and any other Heirs at Law or Devisees of Clarence Waylan Johnson, Deceased, their heirs, Personal Representatives Administrators, Successors and Assigns, and all other persons entitled to claim through them; all unknown persons with any right, title, or interest in the real estate described herein, also any person who may be in the military service of the United States of America, being a class designated as John Doe; and any unknown minors or persons under a disability being a class designated as Richard Roe; Cavalry SPV I, LLC; Hudson & Keyes, LLC, Defendants,

Of whom Christine Jolley Johnson is the Appellant.

Appellate Case No. 2011-193627

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

Unpublished Opinion No. 2012-UP-611

Heard October 16, 2012 – Filed November 14, 2012

**AFFIRMED**

J. Edwin McDonnell, of South Carolina Legal Services, of Spartanburg, for Appellant.

Thomas E. Lydon, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent.

**PER CURIAM:** Christine Johnson appeals the trial court's decision to grant summary judgment, arguing (1) there were issues of fact concerning whether US Bank had standing to bring the foreclosure action, (2) there was a question of fact as to the signing authority for the last assignment of the mortgage, and (3) the trust did not comply with its own pooling and service agreement. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to whether there were issues of fact concerning whether US Bank had standing to bring the foreclosure action: *Hill v. S.C. Dep't. of Health & Envtl. Control*, 389 S.C. 1, 23, 698 S.E.2d 612, 623 (2010) ("Generally, a party must be a real party in interest to the litigation to have standing."); S.C. Code Ann. § 36-3-301 (2006) ("'Person entitled to enforce' an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 36-3-309 or 36-3-418(d)."); *Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.*, 335 S.C. 635, 639-40, 518 S.E.2d 44, 46 (Ct. App. 1999) ("In South Carolina, it is well established that an 'assignee . . . stands in the shoes of its assignor . . . .'" (quoting *Singletary v. Aetna Cas. & Sur. Co.*, 316 S.C. 199, 201, 447 S.E.2d 869, 870 (Ct. App. 1994))).

2. As to whether there was a question of fact as to signing authority for the last assignment and whether the trust properly owned the note and mortgage pursuant to the pool and servicing agreement: *State v. Jones*, 344 S.C. 48, 58, 543 S.E.2d 541, 546 (2001) (holding an issue is deemed abandoned if the argument in the brief is not supported by authority).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**