**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

H & R Block Bank, FSB, Respondent,

v.

Ziraili M. Elbey a/k/a Ziraili Mohassan El Bey, WKFC Living Trust Under Trust Agreement Dated June 4, 2010 by and through its Trustee Wellesley K. Clayton, American Home Mortgage Servicing, Inc. s/b/m to Option One Mortgage Corporation, Defendants,

Of Whom Ziraili M. Elbey is the Appellant.

Appellate Case No. 2013-002373

———————————

Appeal From Lancaster County
Philip E. Wright, Special Referee

———————————

Unpublished Opinion No. 2016-UP-499
Submitted September 1, 2016 – Filed December 7, 2016

———————————

**AFFIRMED**

———————————

Ziraili M. Elbey, pro se, of Fort Mill.

Chad Wilson Burgess, of Brock & Scott, PLLC, of Columbia, and Trent M. Grissom, of McGuireWoods LLP, of Charlotte, NC, both for Respondent.

———————————

**PER CURIAM:**  Ziraili M. Elbey appeals the special referee's order reinstating a judgment of foreclosure in favor of H&R Block Bank, FSB (the Bank) after Elbey had been discharged by the bankruptcy court.  On appeal, Elbey argues the special referee erred because (1) the Bank lacked standing to file a lawsuit in South Carolina and (2) she was denied due process to raise affirmative defenses and make motions pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure and Rule 17(a) of the Federal Rules of Civil Procedure.  We affirm.[1]

We find the issue of whether the Bank had standing to bring the foreclosure action against Elbey was decided during the first action in August 2012.  In the August 2012 order, the special referee determined the Bank was the holder of the note and mortgage.  *See Bank of Am., N.A. v. Draper*, 405 S.C. 214, 223, 746 S.E.2d 478, 482 (Ct. App. 2013) ("A holder is a person in possession of [an] instrument drawn, issued, transferred, or indorsed to him."); S.C. Code Ann. § 36-3-301 (Supp. 2015) (stating the holder of an instrument is entitled to enforce the instrument); *see also Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.*, 335 S.C. 635, 639-40, 518 S.E.2d 44, 46 (Ct. App. 1999) ("In South Carolina, it is well established that an 'assignee . . . stands in the shoes of its assignor . . . .'" (alterations in original) (quoting *Singletary v. Aetna Cas. & Sur. Co.*, 316 S.C. 199, 201, 447 S.E.2d 869, 870 (Ct. App. 1994))).  Because Elbey did not appeal this ruling and instead only appealed the November 2013 order, the special referee's ruling that the Bank held the note and mortgage is the law of the case and is therefore affirmed.  *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").[2]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Additionally, we would affirm on the merits.  Elbey made, executed, and delivered a mortgage to Option One Mortgage Corporation encumbering real property located in Lancaster County, South Carolina.  The mortgage was recorded April 7, 2006, in Lancaster County.  Thereafter, Elbey's mortgage and note were assigned to the Bank, and the assignment was recorded in Lancaster County on August 5, 2010.  After the assignment, the Bank held the note and mortgage.  *See Draper*, 405 S.C. at 223, 746 S.E.2d at 482 ("A holder is a person in possession of [an] instrument drawn, issued, transferred, or indorsed to him."); *see also* S.C. Code Ann. § 36-3-301 (stating the holder of an instrument is entitled to enforce the instrument); *Twelfth RMA Partners, L.P.*, 335 S.C. at 639-40, 518 S.E.2d at 46 ("In South Carolina, it is well established that an 'assignee . . . stands in the shoes of its assignor . . . .'" (alterations in original) (quoting *Singletary*, 316 S.C. at 201, 447 S.E.2d at 870)).

To the extent Elbey is challenging the Bank's capacity to sue, we find Elbey has waived this defense. *See* S.C. Code Ann. § 33-15-102(a) (2006) ("A foreign corporation transacting business in this [s]tate without a certificate of authority may not maintain a proceeding in any court in this [s]tate until it obtains a certificate of authority."); *see also Chet Adams Co. v. James F. Pedersen Co.*, 307 S.C. 33, 36-37, 413 S.E.2d 827, 829 (1992) ("[W]e hold that a foreign corporation's failure to comply with the provisions of [s]ection 33-15-102 does not affect a court's subject matter jurisdiction. Instead, compliance with this statute affects a foreign corporation's capacity to sue."); *id.* at 37, 413 S.E.2d at 829 ("[T]he defense of capacity to sue can be waived by a defendant if not raised."); *id.* (holding the defendant waived its right to complain the plaintiff lacked the capacity to sue for failing to comply with section 33-15-102 because the defendant did not timely raise the defense). Moreover, the Bank was not required to obtain a certificate of authority because its activities within the state that were related to this case did not constitute transacting business. *See* S.C. Code Ann. § 33-15-101(a) (2006) ("A foreign corporation may not transact business in this [s]tate until it obtains a certification of authority from the Secretary of State."); § 33-15-101(b)(7)-(8) (stating "creating or acquiring any indebtedness, mortgages, and security interests in real or personal property" and "securing or collecting debts or enforcing mortgages [or] security interests" do not constitute transacting business).

Finally, we find Elbey was not denied the right to due process because the affirmative defenses she raised after the reinstatement of foreclosure were untimely. *See Shirley's Iron Works, Inc.*, 403 S.C. at 573, 743 S.E.2d at 785 ("An unappealed ruling is the law of the case and requires affirmance."); *Tench v. S.C. Dep't of Educ.*, 347 S.C. 117, 121, 553 S.E.2d 451, 453 (2001) (stating a party may not make a motion pursuant to Rule 60, SCRCP, when the party could have pursued the issue on appeal).

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**