**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jessica Flegel, Appellant,

v.

Thayne Dawkins Reece, Respondent.

Appellate Case No. 2023-000592

———————

Appeal From Georgetown County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-193
Submitted May 1, 2025 – Filed June 11, 2025

———————

**AFFIRMED**

———————

Gedney M. Howe, IV, of Gedney M. Howe III, PA, of Charleston, for Appellant.

S. Ashley Gwin, of McAngus Goudelock & Courie, LLC, of Myrtle Beach, for Respondent.

———————

**PER CURIAM:** Jessica Flegel appeals the jury verdict and judgment awarding her $10,000 in actual damages as well as the trial court's order denying her motion for a new trial as to punitive damages or, in the alternative, a new trial absolute. On appeal, Flegel argues the trial court erred in failing to instruct the jury on punitive damages because the evidence indicated Thayne Dawkins Reece caused a

vehicle collision that injured Flegel while violating at least one statute.  In her reply brief, she also asserts the trial court erred in denying her motion for a new trial because her motion was properly before the trial court.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold Flegel's argument that the trial court erred in refusing to instruct the jury on punitive damages when the evidence was conclusive of a statutory violation, and as a result, constituted negligence per se and gross negligence is not preserved for appellate review.  Although she requested a punitive damages instruction at trial, Flegel did not discuss any alleged statutory violations as the basis for her request.  We hold Flegel failed to specifically raise this issue to the trial court; thus, it is not preserved.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 185 (3d ed. 2016) ("[T]he issue must have been (1) raised to and ruled upon by the [trial] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [trial] court with sufficient specificity."); *Buist v. Buist*, 410 S.C. 569, 574-75, 766 S.E.2d 381, 383-84 (2014) ("While 'a party is not required to use the exact name of a legal doctrine in order to preserve the issue,' . . . the party nonetheless must be sufficiently clear in framing his objection so as to draw the court's attention to the precise nature of the alleged error." (quoting *Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011))); *McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 344, 479 S.E.2d 67, 75 (Ct. App. 1996) ("The same ground argued on appeal must have been argued to the trial [court].").

2.  We hold Flegel waived the issue of whether her motion for a new trial was timely because she raised it as an issue for the first time in her reply brief.  *See ABB, Inc. v. Integrated Recycling Grp. of SC, LLC*, 432 S.C. 545, 553, 854 S.E.2d 171, 175 (Ct. App. 2021) ("[A] party cannot raise an issue for the first time in an appellate reply brief."); *Chet Adams Co. v. James F. Pedersen Co.*, 307 S.C. 33, 37, 413 S.E.2d 827, 829 (1992) (indicating an appellant waives his right to complain on an issue raised for the first time in his reply brief).  As such, we hold Flegel has waived her right to complain regarding this issue.

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**